UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 1:10-CV-189 (CEJ) |
| ) | |
| CAPE GIRARDEAU BREWING ) | |
| COMPANY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion by plaintiffs for judgment against defendant Cape Girardeau Brewing Company, d/b/a Buckner Brewing Company, and against defendant Phillip A. Brinson, individually.

I. **Background**

Plaintiffs allege eight separate instances of copyright infringement by defendants in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et. seq. Plaintiff Broadcast Music, Inc. (BMI) operates as a non-profit licensing agent to numerous owners of musical composition copyrights. The other plaintiffs in this action are the owners of the copyrighted musical compositions that defendants are alleged to have infringed. BMI has been granted non-exclusive licenses by the plaintiff-owners that allows BMI to enter into bundled licensing agreements for the use of copyrighted musical works. BMI is also authorized to bring enforcement actions for acts of infringement on behalf of plaintiffs-owners. Defendants own and operate a bar and live music entertainment venue in Cape Girardeau, MO doing business under the name Buckner Brewing Co. The alleged infringing acts occurred when defendants caused, or allowed, musical

compositions owned by plaintiffs to be publicly performed at the Buckner Brewing venue with neither a license from BMI, nor permission to use plaintiffs' musical compositions.

Defendants were each served a summons and copy of the complaint on December 2, 2010. (Doc. Nos. 12 and 13). Neither defendant has filed an answer or other responsive pleading. On May 23, 2011, the Clerk of the Court entered the default of both defendants under Fed. R. Civ. P. 55(a).

## II.  Legal Standard

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). However, while factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

## III.  Discussion

Plaintiffs seek a default judgment awarding statutory damages in the sum of $32,000.00, representing $4,000.00 for each work defendants have infringed. They also request that the Court enter a permanent injunction to prevent defendants' future acts of infringement. Finally, plaintiffs seek an award of attorneys' fees and costs incurred in bringing this action. Because default has been entered against both defendants, the allegations in plaintiff's complaint are deemed admitted. See Stephenson, 524 F.3d 907. The Court finds that, based upon these allegations, defendants have infringed upon valid copyrights owned by plaintiffs, that such infringement was willful and likely to continue to occur, and that plaintiffs are entitled to judgment awarding the relief they seek.

### A. Statutory Damages

As to the amount of damages, 17 U.S.C. § 504 provides that "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504 (c)(1). In addition, "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiffs have submitted affidavits which support their allegations that defendants have infringed upon eight separate and distinct works owned by plaintiffs. (Doc. Nos. 1-1, 15-1, 15-2, 15-3). The same affidavits state that BMI sent thirty-five cease-and-desist letters and called defendants more than fifty times over the course of the last five years in an effort to convince defendants to enter into a licensing

agreement for the music performed at their venue, or to cease using the compositions owned by plaintiffs. Id. Despite these efforts, defendants have continued to infringe upon the works owned by plaintiffs. They have also failed to appear in this action to defend or offer any justification for their actions. Plaintiffs ask that the Court award them $4,000.00--approximately 1.5 times the cost of the licensing fees that would have been charged by plaintiffs--for each of the infringed works. (Doc. #15-3). The Court finds that the amount requested by plaintiffs is reasonable based upon the cost of licensing associated with the infringed works, a finding that defendants' infringing acts were willful, and in light of the statutory damages awarded in similar infringement actions. See Broadcast Music, Inc. v. Ottis, Inc., Slip Copy, 2010 WL 5288106 *4 (D. Neb. 2010) (summarizing statutory damages awards on a per-song basis).

    B.    **Injunctive Relief**

Plaintiffs argue they are entitled to an injunction prohibiting defendant from unlawfully infringing plaintiffs' copyrights. Section 502(a) of Title 17 provides: "Any court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." When a "history of continuing infringement" is present and "a significant threat of future infringement remains," a permanent injunction is appropriate. Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir.1994) (citation omitted); see also UMG Recordings, Inc. v. Hamm, Slip Copy, 2009 WL 1106940 (E.D. Mo. 2009).

Plaintiffs have demonstrated both a long history of willful infringement by defendants, as well as a significant threat of future infringement. Thus, the Court will also grant plaintiffs' request that defendants be permanently enjoined from infringing

upon any copyrighted musical compositions owned by plaintiffs and licensed by BMI.

### C. Fees and Costs

Section 505 of Title 17 provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Plaintiffs request that the Court award them $2,336.25 in attorneys' fees and $360.40 in costs. They have submitted an affidavit by their attorney, William Dunning, testifying that his firm has spent approximately 10 hours in pursuing this matter and that the total "lodestar" amount for this time, which includes both attorney and paralegal hours, is $2,336.25. (Doc. #15-1). The Court finds that the fees and costs requested by plaintiffs are reasonable, supported by the record, and justified by work performed on this matter.

Accordingly,

**IT IS HEREBY ORDERED** that the motion by plaintiffs for default judgment [Doc. #15] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.